UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| WILLIAM EASTMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Docket No. 1:14-cv-00103-jgm |
| | : | |
| CHRIS NORTON, | : | |
| In His Individual Capacity, | : | |
| | : | |
| Defendant. | : | |
| | : | |

ORDER ON MOTION TO DISMISS
(Doc. 10)

I. Introduction

Plaintiff William Eastman claims Defendant Police Officer Chris Norton used excessive force in violation of the Fourth Amendment in arresting him. Norton moves to dismiss Eastman's claims based on the statute of limitations. (Doc. 10.)

II. Background

All facts are taken from the Complaint. Eastman resides in Springfield, Vermont. (Doc. 1 (Compl.) ¶ 5.) Norton works as a police officer for the Springfield Police Department ("SPD"). (Id. ¶ 6.) On May 19, 2011 Eastman was operating a motor vehicle in Springfield when Norton "seized" him. (Id. ¶ 7.) Eastman admitted he was intoxicated (Id. ¶ 9) and Norton later wrote Eastman told him he should just "take him in." (Id. ¶ 10.) Norton also wrote Eastman then indicated he wanted to lock up his car and turned to do so. (Id. ¶¶ 12-13.) Norton performed an "arm bar takedown," twisting Eastman's wrist and throwing him face-down into the ground. (Id. ¶¶ 13-14.) Eastman suffered a fractured wrist and facial contusions. (Id. ¶¶ 16, 18.) The wrist injury resulted in complications and caused him to incur over $15,000 in medical bills. (Id. ¶¶ 19-21.)

Eastman seeks damages compensating him for his injuries, emotional distress, and medical expenses under 42 U.S.C. § 1983 based on alleged violations of the Fourth and Fourteenth Amendments.[1]  (Compl. ¶¶ 22-27.)  Norton moves to dismiss, arguing Eastman's claims are barred by the statute of limitations.  (Doc. 10.)

III.   Discussion

To survive a motion to dismiss under Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  If the statute of limitations bars Eastman's claim, he cannot show an entitlement to relief and his claims must be dismissed.  Brown v. Castleton State Coll., 663 F. Supp. 2d 392, 396 (D. Vt. 2009).

Eastman brings his constitutional claim under § 1983.  The limitations period for a § 1983 claim "is that which the State provides for personal-injury torts."  Wallace v. Kato, 549 U.S. 384, 387 (2007).  The parties do not dispute that Vermont's three-year statute of limitations for personal injury applies to Eastman's § 1983 claim.  See 12 V.S.A. § 512.

The parties do dispute whether Vermont's service of process rule applies to a federal question case.  The events giving rise to the Complaint occurred on May 19, 2011.  (Compl. ¶ 7.)  Eastman filed his Complaint on May 16, 2014, within the three-year limitations period.  Vermont's service of process rule requires a Complaint be served upon a party within 60 days of filing in order to toll the statute of limitations.  See Vt. R. Civ. P. 3 ("When an action is commenced by filing, summons and complaint must be served upon the defendant within 60 days after the filing of the complaint."); see also Weisburgh v. McClure Newspapers, Inc., 136 Vt. 594, 595 (1979) ("[I]f the

---

[1] Eastman initially brought personal injury claims under Vermont law as well, see Compl. ¶¶ 28-29), but concedes those claims are barred by the statute of limitations.  See Doc. 15, at 1.

2

filing of a complaint is to be effective in tolling the statute of limitations as of that filing date, timely service under the Rules of Civil Procedure must be accomplished."). Eastman did not serve the complaint on Norton until August 28, 2014, more than 60 days after the Complaint was filed. Norton contends Eastman's claim is time-barred as a result.

The statute of limitations does not bar Eastman's claim because Vermont's service of process rule is inapplicable in a federal question case. "[W]hen the underlying cause of action is based on federal law" and a court borrows a state limitations period, "the action is not barred if it has been 'commenced' in compliance with [Fed. R. Civ. P. 3] within the borrowed period." West v. Conrail, 481 U.S. 35, 39 (1987). The Supreme Court explained in a footnote that in diversity cases, state service of process rules apply, but "[t]his requirement, naturally, does not apply to federal-question cases." Id. at 40 n.4; see also Henderson v. United States, 517 U.S. 654, 657 n.2 (1996) ("In a suit on a right created by federal law, filing a complaint suffices to satisfy the statute of limitations."); Ellenbogen v. Rider Maint. Corp., 794 F.2d 768, 773 (2d Cir. 1986) (although federal courts apply state service of process rules in diversity cases, Fed. R. Civ. P. 3 "determines when an action is commenced" in federal question cases). Courts in this Circuit have acted accordingly. See, e.g., Cecere v. Cnty. of Westchester, 814 F. Supp. 378, 381 (S.D.N.Y. 1993) ("[U]nder Fed. R. Civ. P. 3 the filing rather than service of the complaint is the applicable event with regard to satisfaction of the statute of limitations in this federal question case, even though the limitations period is borrowed from state law."); Langley v. Coughlin, 715 F. Supp. 522, 554 n.32 (S.D.N.Y. 1989) ("It is the filing of the complaint and not its service that constitutes the commencement of a suit that asserts federal claims.").

Norton cites Fish v. Bread Loaf Constr. Co., 133 F.3d 907 (2d Cir. 1998), among other cases, for the proposition that the 60-day service of process rule is "integral" to Vermont's statute of

limitations.  These cases all came to federal court by way of diversity jurisdiction, not federal question jurisdiction, and are therefore inapposite.  Norton also relies on cases in which courts apply other state "tolling rules" to federal claims when those state tolling rules do not conflict with federal law.  See, e.g., Board of Regents v. Tomanio, 446 U.S. 478, 484 (1980) (holding that in § 1983 actions "a state statute of limitations and the coordinate tolling rules are . . . binding rules of law" unless they conflict with federal law).  As discussed above, however, the Vermont service of process rule conflicts directly with Fed. R. Civ. P. 3, which provides filing the complaint tolls the statute of limitations.

IV.     Conclusion

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 10) is DENIED as to Plaintiff's claim under 42 U.S.C. ¶ 1983 and GRANTED as to Plaintiff's state law claims.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 25th day of February, 2015.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge